949 F.2d 396
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
NAT'L BANK OF CANADA, a Canadian banking corporation,
Plaintiff-Appellee,
v.
COLLEGE PARK HOTEL ASSOCIATES, Defendant-Appellee,
Cherry Hill Campcity, Incorporated, Defendant-Appellant.
 No. 91-2505.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 1, 1991.
Decided Dec. 12, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Joseph C. Howard, District Judge. (CA-90-1547-JH)
 Argued: Andrew L. Hartman, Siskind, Burch, Grady & Rosen, Baltimore, Md., for appellant.
 Jeffrey Philip Reilly, Miles & Stockbridge, Towson, Md., for appellees.
 On Brief: K. Donald Proctor, Miles & Stockbridge, Towson, Md., for appellee National Bank of Canada.
 Courtland Traver, Edward F. Rodriguez, Jr., McGuire, Woods, Battle & Boothe, McLean, Va., for appellee College Park Hotel Associates.
 W.D.Va.
 AFFIRMED IN PART AND REMANDED IN PART.
 Before DONALD RUSSELL, Circuit Judge, BUTZNER, Senior Circuit Judge, and MICHAEL, United States District Judge for the Western District of Virginia, Sitting by Designation.
 OPINION
 PER CURIAM:
 
 
 1
 The appeal in this diversity action is from the district court's two grants of summary judgment in favor of National Bank of Canada (NBC) in its suit for rents against Cherry Hill Campcity, Inc. (Cherry Hill) and College Park Hotel Associates (College Park). The district court had diversity jurisdiction pursuant to 28 U.S.C. § 1332.
 
 
 2
 Through a 1970 lease and several amendments, Cherry Hill leased ground to College Park on which a Holiday Inn hotel was operated. The last amendment to the lease occurred in 1986. The 1986 lease amendment recalculated the rent for the parcel of land leased to College Park and added additional land which would allow the Holiday Inn to build 100 additional rooms. In 1987, College Park borrowed money from NBC and entered into a deed of trust, assignment of rents and security agreement. The parties to the deed of trust were College Park as borrower, the trustees, NBC as beneficiary, and Cherry Hill as ground lessor. Cherry Hill subordinated to NBC its interests in the premises as defined in an exhibit to the deed of trust. After the 1986 amendment, all ground rents were paid by the management companies which operated the Holiday Inn to Cherry Hill pursuant that amendment. As a result of College Park's alleged loan default, NBC demanded ground rent payments from College Park directly, to the exclusion of Cherry Hill. To enforce these rights, NBC filed a contract action in the district court.
 
 
 3
 The court on two occasions granted summary judgment in favor of NBC, and the appeal arises from those judgments. On October 26, 1990, the district court interpreted the deed of trust to provide that in the event of a default, both College Park and Cherry Hill agreed to assign all rents due under the leases to NBC. On February 20, 1990, the same court determined that a default had occurred under the terms of the deed of trust, and granted judgment in favor of NBC in an amount NBC asserted was the amount of rent due.
 
 
 4
 The issues on appeal are whether the word "Grantor" as used in the assignment of rents provision in the deed of trust includes within its definition Cherry Hill, the ground lessor; whether the issue of perfection is relevant to a determination of NBC's right to the ground rents; and whether the district court correctly determined damages in the amount of ground rent due under a 1983 amendment to the ground lease agreement. With respect to the first two issues, we find for the reasons stated below that the district court correctly interpreted the deed of trust, and we therefore affirm grants of summary judgment.
 
 
 5
 The plain language of the assignment of rents provision in the deed of trust, together with the definition of "Grantor" in the same document, are decisive of whether or not the assignment of rents includes the ground lessor's rents. In the assignment of rents provision, the "Grantor" assigns all rents to NBC in the event of a default on the loan. The deed of trust defines "Grantor" as follows: "(Borrower and the Ground Lessor being hereinafter sometimes collectively referred to as 'Grantor.')" The deed of trust also contains an express provision stating that it "is understood and agreed that 'Grantor,' as used herein, shall mean borrower and/or the Ground Lessor, as the context may permit or require." The assignment of rents provision is written broadly and comprehensively, and no effort is made to distinguish between ground rents and any other rents or leases. This is particularly significant in light of the fact that the portion of the deed of trust devoted to the ground lessor does not protect Cherry Hill from any duty to pay over to NBC all ground rents in the event of a default. The court finds completely baseless Cherry Hill's argument that the definition of "Grantor" is ambiguous.
 
 
 6
 Turning to the second issue raised on appeal, Cherry Hill argues that in order to obtain the assignment of rents, the mortgagee is obliged to take possession of the premises or seek appointment of a receiver. This argument is disposed of, again, by the plain language of the assignment of rents provision of the deed of trust. The "Grantor" makes therein an absolute assignment and an express waiver of the requirement that the mortgagee take possession before collecting rents. As such, we again reject Cherry Hill's position.
 
 
 7
 With respect to the third issue, relating to damages, the court is of the opinion that NBC's rent calculation, which the district court adopted, is defective in that it relies on a 1983 lease amendment instead of the superseding 1986 lease amendment. It appears that the 1986 amendment applies to the entire tract of land at issue, that is, both the parcel added in 1986, which was not included in the deed of trust, and the land leased in the original lease (with amendments through 1983), which was included in the deed of trust. Because the land added in 1986 is not subject to the deed of trust,* the court concludes that some portion of the ground rents on the tract must be allocated to Cherry Hill. On the record below, we are unable to determine the correct allocation, and therefore remand this matter to the district court for resolution of this issue.
 
 
 8
 AFFIRMED IN PART AND REMANDED IN PART.
 
 
 
 *
 This court has no way of knowing why Exhibit A to the the 1987 deed of trust, which describes the land subject to the deed of trust, omitted to include the 1986 lease amendment along with all of the older amendments. Nor does it know why paragraph 33 of the deed of trust has not been enforced. That paragraph requires the grantor upon request to execute a security agreement
 covering all property of any kind whatsoever owned by Grantor which in the opinion of Beneficiary and Bank is essential to the operation of the Premises and ... concerning which there may be any doubt whether the title to same has been conveyed by or security interest perfected by this Deed of Trust under the laws of the state in which the premises are located,....
 App. at 41-42. Whatever the reasons, these omissions prevent the land added to the lease in 1986 from being covered by the deed of trust.